Your Honor, to preserve its ability to reinstate, dismiss, or vacate accounts in the wake of a defendant's successful appeal, the government has a number of options. The first, and by far easiest option for the government, is to include within the plea agreement an express reservation of rights, just a clause that says, hey, if something goes wrong with this conviction, we're reserving our right to reinstate the counts. And we've seen the government do that in cases across the country, including within this circuit. If the government fails to make that reservation of rights clause, as it failed to do so in this case, the government still has a fallback option in most cases, and that is to move to reinstate the counts pursuant to 18 U.S.C. section 3296. But the problem for the government here is that by its plain terms, 3296 simply doesn't apply, because Mr. Pettis never moved to vacate his plea or the plea agreement. Instead, just like the defendants in Fraunfelter and Transfiguration and Bunner and Molden and Sandoval Lopez, Mr. Pettis' position has always been that the conviction to which he pled guilty, the count to which he pled guilty, was not an offense as a matter of law. Counsel, I just want to make sure I understand the connection between your two arguments. So you're saying the government can't reinstate under 3296 because the defendant didn't challenge the plea or move to withdraw the plea agreement. But if the plea agreement had specifically reserved the government's right to reinstate, then they could have reinstated, but not under 3296? Correct. Just like in the air, there's a sort of a separate power to reinstate if it's preserved in an agreement. I believe so, Your Honor. Where does it come from? It's an agreement between the parties, that they agree that if something goes wrong with the conviction, that the government gets to reinstate the counts. So counts can be reinstated outside 3296. That is not the only vehicle for reinstating counts, is your view? That is my understanding, Your Honor. That's certainly what the case law reflects. The Fourth Circuit vacated the judgment. Correct. So it vacates the judgment that dismisses counts one and three and finds a conviction by plea to count two. Why? And there's not a lot of law exactly on what that means, or at least that I found. Maybe everyone else did, and I'll be enlightened here. But I'm trying to figure out the effect of that. Well, where do things stand when that judgment is vacated? We still have a contract, and you've talked about that. We still have . . . the court has approved the plea agreement. Why don't we . . . why aren't we just back . . . and we have a . . . it's an unpublished case called Bethe that suggests vacature means the judgment's null and void. Why aren't we just back at the situation in the proceedings before the judgment is entered where your client is agreed to plea, and I know your argument is there's nothing left under count two, but the other argument is there's a lesser clued-in offense within that. Why aren't we back at that stage in looking whether to proceed under the agreement with the judgment now being null and void? Well, I think the judgment is just what the judgment is. It's a written reflection of the conviction. By vacating . . . certainly this court, when it vacates the judgment, doesn't vacate the plea, doesn't vacate the plea agreement. Correct. It doesn't reverse time. It doesn't get rid of all these things that have already happened. So, why isn't your client . . . and I know your argument is that . . . I think I understand your argument about the lesser included offense, but assume I think that there is a lesser included offense within count two. Why isn't your client obligated, just like the government is with respect to count one and three, to plead as to count two? And if he doesn't, he's breached the agreement, exposing him to prosecution under all the counts. So, with this lesser included offense argument that the government is relying on, it spends a lot of time. All of the authority that the government is relying on for this lesser included offense notion flows from rule 31C. 31C is a jury rule. It's a trial rule. It says that when you have a jury convict the defendant on a greater included offense, the court can impose judgment on a lesser included offense. And all the authority that the government relies on flows from that rule. There is no corollary rule in the context of a plea, and certainly not in a plea agreement. Yes, sir. I want you to finish. But inherent, and I think the way you're answering my question, is that this lesser included offense is not an available option. But if you're wrong on that, are we back to the situation that I described? If I am wrong that you can, in a plea context, have someone plead guilty to a lesser included offense that is never explained to them, and not within the plea agreement? No. I think that is simply impossible, Your Honor. Because pleas have to be knowing, and voluntary, and intelligent. And the plea agreement, I would remind the court that the very first paragraph of the plea agreement is, this constitutes the full and complete record of the plea agreement. There are no other agreements between the parties, in addition to or different from the terms herein. That, to have Mr. Pettis agree to a lesser included offense, that would have changed his calculus by quite a bit, Your Honor. And that may be right. I understand your argument that you don't think he's knowingly and voluntarily done that. I understand that. I guess my question, though, is from a just where we stand perspective, is what I described right, that the vacatures there were left with a plea agreement that's been approved by the court, and the parties have to comply with it? Yes. And I think what the court should have done when this court vacated the judgment was to go back and say, OK, we already have an approved, completed plea agreement here. Count two can't stand as a matter of law. The government has already agreed to dismiss counts one and three. Mr. Pettis has already performed. He fully performed under the plea agreement. So there is really nothing to do here except to dismiss count two and order Mr. Pettis' immediate release. And that's what we asked the court to do. And what about the frustration of purpose doctrine? Even if all of that is right, and so your client hasn't breached, he hasn't repudiated the plea, there are these cases saying even if no one does anything wrong, you know, in cases like this, very similar cases where one of the conviction to which the defendant pled guilty is ultimately reversed on appeal, no one did anything wrong. But at this point, your client's sort of technical compliance with the plea agreement doesn't give the government anything. And so the whole purpose of the agreement has been undermined and the government's obligations are discharged. So I respectfully disagree that the government hasn't received anything. And also the frustration of purpose doctrine simply cannot apply, Your Honor, when the future contingency that happened here was expressly baked into the plea agreement. What the government bargained for and what it received in this plea agreement that it was a conditional conviction only. So your argument, as I understand it, on frustration of purpose would really only apply to cases like this, these conditional plea agreements where the right to appeal an issue is specifically reserved. That's correct, Your Honor. Yes. So even if the government... I'm sorry, I didn't really understand the answer to that question. I'm a little behind. So the cases that are out there in a similar, you know, the two cases that talk about frustration of purpose in the plea agreement, is it your plea agreement context, is it your position that they're wrong? As in Bunner and Moulton, Your Honors? Yeah. So in our case, Your Honor, I'm not sure exactly... I mean, Bunner and Moulton go against Sandoval Lopez. Obviously, we like Sandoval Lopez more. But in this case, it simply cannot be said that the government's purpose was frustrated because it's not like... It's not as if we have a plea agreement and then years down the road, the law changes and the defendant gets an unexpected windfall. This was a future contingency expressly baked into the plea agreement. All the parties were well aware that we were going to be... But as I understood those cases, they were also awaiting a Supreme Court case, a different one. Yes, but the plea agreement didn't expressly carve out this... Didn't have the future contingency baked in that said, you get to preserve this issue. We're allowing you to preserve this issue. I thought your answer to me, and I should have been clearer about this, but when you said, no, your argument is limited to cases where this express contingency is made express on the face of the agreement, meant that you have no issue with Bunner and Mulder because those agreements were different. I mean, at least you may not love them, but the rule you are asking us to adopt today is consistent with the rule in those two cases.  Yes, I would agree with that, Your Honor. Thank you. So even if the government now believes that this contract that it drafted is a poor one and the bargain that it struck gives it something less than what it was expecting, it is not the court's job, as the Tenth Circuit said in Fraunfelter, to rescue the parties from its own blunder. And it's particularly not the case when we're talking about a party, as Justice Gorsuch noted in his concurring opinion in Sessions v. DiMaia, a party as competent and capable of protecting its own interests as the federal government. And so we are asking, Your Honors, in this rare but not unprecedented scenario for this court to vacate the district court's judgment and order Mr. Pettis' immediate release. I will remind the court that Mr. Pettis has now, as of today, served approximately 59 months in federal custody on a conviction that we contend the district court did not have the authority to impose in the first place. That is not including good time credit. And unless, of course, this court acts immediately, Mr. Pettis is inevitably going to serve an above-guideline sentence. Your Honors, I believe that we have already talked about most of the points that I wanted to discuss. So unless there are no further questions, yes, Your Honor. One of the things I have struggled with in this case is sort of figuring out how the 3296 argument kind of dovetails with the contract interpretation argument. And so if you are right that the plea agreement in this case bars reinstatement, does it matter whether the government otherwise could reinstate the indictment under 3296? Sort of how we, you know, whether we agree with you or whether we agree with the government about whether or not we can treat this appeal as sort of effectively moving to vacate the plea. Does that matter if the agreement itself bars reinstatement? I suppose it doesn't matter, Your Honor. I mean, I think the plea agreement does bar reinstatement. Our position was simply, you know, you haven't reserved your rights to reinstate. So the plea agreement expressly says you're not going to further prosecute Mr. I'm just saying, assuming hypothetically, I'm just trying to figure out how these two things work together. And you answered my first question, which was that even if you can't reinstate under 3296, if the agreement says you can reinstate, you can reinstate. And I'm asking you, does it work both ways? If the agreement says you can't reinstate, it doesn't matter. You still can't use 3296. If it says you can't reinstate, 3296 is off the table. I would agree with that, Your Honor. I'm sorry. It was a genuine question. That is your position. If the agreement said you cannot reinstate under 32— No, it just said you can't reinstate. Then, yes, then 3296 is off the table. Your position is, no matter what the consequences are, that the agreement controls? Yes. Okay. Thank you. Thank you, Your Honors. Ms. Brown? Good morning. Thank you. Lucy Brown for the United States. May it please the Court. We've gotten away from this a little bit this morning, but I want to be very clear about one necessary precondition to the defendant's argument. The defendant has as a deal breaker, as the basis of its argument, that this court on remand in the original case simply vacated count two. That's mentioned many times throughout their briefing, that this court vacated count two, and that's why their argument stands. It's simply not what happened, however,  and as Judge Quattlebaum brought up during my colleague's argument, this court vacated that judgment, and vacating that judgment vacated count two, but also vacated the dismissals on counts one and three. Do you have our order? Is it in the record? It is, Your Honor. Can you tell me where it is? Yes, Your Honor. JA-175 is the order. Okay. Thank you. You're welcome. It says that the court vacates the district court judgment and remands the case for further proceedings, and it says that without full briefing and without oral argument because that is what both parties asked for. The defendant, in its brief, in its reply, in its supplemental brief, each time asked for vacator of the judgment of conviction in this case, the judgment and the sentence. Does it say, and the sentence? It does. And three times in the original appeal, that's what Ms. Leiston asked for, and knowing that, that's what the government agreed to. So when this case came back, the entire judgment had been vacated. So then the question becomes, what do we do with that? But all three counts at that point are live counts because nothing has been dismissed and nothing has been convicted. So then we have to look at where this plea agreement stands, knowing that these counts are all essentially revived by the nature of that vacator. But the plea agreement is still in existence. At that point, it was, Your Honor. It was the defendant's next step in moving for immediate release that the district court judge took as a repudiation of that plea agreement, and that's why originally our . . . But that's wrong. The defendant wants the benefit of the plea agreement. He wants to enforce the plea agreement. He doesn't want to repudiate it. I think perhaps that's why the district court said that, is because the defendant wants what it wants from the plea agreement, but not what it doesn't want, and I think perhaps the district court took that as a repudiation of the plea agreement. Seems like both parties may be doing that a tad here. I think both parties want what they bargained for and that maybe that changed somewhere along the way. If you could . . . I'd ask your colleague about the situation, I think, that you bring us to right now. The judgment's vacated. We have the plea agreement. I appreciate your position that the defendant's request for release is inconsistent with your view of the plea agreement. She would contend that it's only inconsistent if the lesser-included offense under Count 2 can be the basis of the plea, and she says that's not knowing and voluntary. What's your response to that? I have a few responses to that, and I'll answer the substantive one first, but then I think there are other ways that that plea plays out the way that it did. First, as Judge Dever said in that case, when Mr. Pettis admitted that he committed Count 2, he inherently admitted he committed two federal crimes. One at the time was a crime of violence while having failed to register, but the other is that he failed to register, and as the district court noted in his order, that understanding was the reason he accepted the plea as written because he knew, just as the government did, that he had also admitted he committed that lesser-included offense that cannot have a conviction under Section D without that admission of Section A. I think, as well, there are a couple other ways, though, that the district court got to this position to say the plea agreement isn't doing any work. It's unworkable at this point for a couple of other reasons. One is that the defendant was rejecting, under the district court's interpretation, but certainly just on the face of its motion for immediate release, the defendant was no longer admitting any guilt to any offense, admitting any ability to be incarcerated to any offense, was not admitting to any crime. Without that, and with the vacator of the judgment and sentence, as defendant requested, it's as if there's been no sentencing. There's no conviction in the record. There's no judgment. There's no sentencing. And without a sentencing, the government cannot then fulfill its promise to dismiss Counts 1 and 3, which it would only do with knowledge that it had a secure conviction for this serial violent sex offender. So without that sentencing, the government can't fulfill its promise, and they're essentially at a stalemate. Counsel, I understand what you're saying, but just the sentence you just said about the government would not dismiss 1 and 3 without its knowledge that it had a secure conviction on Count 2. Then why did it sign this plea agreement which said, specifically, you're going to be appealing on Count 2? And let me also say, at this time, that was a serious appeal. The law was moving in a defendant-friendly direction on that issue. The appeal is on the face of it, and on top of everything else, we've just decided Adams, in which we at least raised some pretty serious questions about whether the government will be able to reinstate the convictions on 1 and 3 if defendant is successful on 2. And in light of all of that, you didn't write into the agreement, what you just said now, this conviction needs to be secure, and if this conviction is overruled, we are not dismissing 1 and 3. We will reinstate those counts. So at bottom, I think it's the government's understanding of the risk it was taken, which is something we've certainly discussed a lot in this context of a bargain for exchange. The government's risk was that this may not be a crime of violence. The government's risk was not that this serial violent sex offender walks free without a federal conviction. Aren't you limited then to what you can get out of Count 2? I mean, it seems to me, unless when we vacate the judgment and you go back to the situation where the agreement's intact, it's been approved, I don't see how you can have the benefit of Count 1 and 2 because of the results of the appeal, 1 and 3 because of the results of the appeal, because you knew or should have known that was a risk. But you should have the benefit of the agreement as it relates to Count 2. And it seems to me the question I have is, with Count 2 remaining, can we consider the lesser included offense, Number 1? And Number 2, did the defendant in effect breach the agreement by refusing to plead to that count? And I should be clear and I appreciate your question to give me the opportunity. If the defendant had come in upon remand and said, we're pleading guilty to the lesser included in Count 2, the government would have moved to dismiss Counts 1 and 3 as it agreed to. But it's such an unusual case because if the defendant, because the lesser included is Count 1, and the defendant said, I'm not pleading guilty to Count 1. So why would the defendant walk in and say, okay, I'll plead guilty to Count 1, but we'll call it Count 2? I think part of the issue here, and it's actually something that was an effort at benevolence to the defendant in the plea negotiation stage that's now being weaponized against the government, is the sense that Count 2 is a consecutive sentence. So there was a substantive reason, and it actually went to benefit the defendant why that plea would not be to Counts 1 and 2. And partially, I would assume, having not obviously engaged in negotiations with the defendant myself, induced a plea agreement by saying, we won't make you plead to Counts 1 and 2. You won't have this consecutive sentence where you know you're getting an extra five years on top of whatever you get on Count 1. I think that's why Count 1 was not originally part of the plea agreement. Not because of any substantive reason that the defendant wasn't guilty of it or wasn't inherently admitting his guilt to failure to register when he pled guilty to Count 2. Getting back to your... But none of that is in the plea agreement, right? I'm not sure I agree. I think partially the language of the conditional plea itself speaks to this. First of all, it is a plea count with a lesser included. The plea term itself, that conditional term, speaks in terms of Counts 2 and 3. That that's what the defendant can appeal. Which I think a fair reading of that is that this... The defendant's argument as it stands now is that Count 3 is dead on arrival on appeal. It has no standing, it's done. And if that's the case, I don't know why they would agree that they need to dispute Counts 2 and 3 if there's no chance of Count 3 being revived by appeal. I think their briefing also supports this, where throughout it argues about Counts 2 and 3. If by their argument Count 3 was gone and could never be revived, there would be no need to specifically litigate Count 3 as well. To the other question that... Can I ask you a question about sort of, I guess, the premise here, which is that when we vacated the judgment, that meant we also vacated the dismissal of Counts 1 and 3. I'm just thinking about our Adams case. If it were clear that when we vacate a conviction in a case like this, we also vacate the dismissal of the, of the counts that the government agreed to dismiss as part of the agreement, why all that conversation in Adams about, you know, the government saying, would you please specifically reinstate those counts? Doesn't that sort of indicate that they don't just kind of spring back into life when we vacate a judgment? I'm not sure. I haven't read each of the briefs in Adams. I do know that the decision in Adams was more specific. It wasn't with remand. It was judgment in favor. I think in this case, that may be another instance where trying to sort of get along, the government maybe is now, did something that's coming back to hurt it and that agreeing to remand, we didn't have this conversation. We didn't have this discussion. Is there like specific authority that says this, that when we vacate a judgment, there's nothing really on point here, right? There's nothing. And I just thought that a judgment was that our mandate on appeal is sort of limited to the issues that were appealed. So that when, I'm just struggling to understand how vacating a judgment can do work on issues that were not appealed. And I think that's part of why the defendant's insistence on litigating counts two and three is important because it does show the defendant thinks that these are still live issues. If the defendant's position was that count three is gone, never to be reinstated. But I mean, isn't the other way to look at that just as a matter of contract principles, that the defendant is being super careful here and sort of doubly protecting itself. And again, whereas the government did nothing to protect its rights. I also think that we can look at the relief sought by the defendant. The defendant knows how to ask for vacator and immediate release. She did it in this case. That's not what was sought at that time. In the original case, the relief requested was the judgment of conviction and sentence. That's what was sought. That's what the government was going off of when it agreed to a remand in this case. I don't think that would have happened if the defendant phrased in their appeal the relief they now say for the first time on remand that they were afforded by that. And unfortunately, by agreeing to that remand, we did not have the opportunity to litigate that,  been clear about what they were then going to interpret. I thought the government moved for a remand. Yes, we did. Based on the defendant's assurance that they were seeking vacator of the judgment of conviction and sentence, we agreed to a remand with the understanding. No, you moved for a remand. I'm sorry, I'm sorry. Yes, Your Honor, with their consent. Yes, we did move. I'm not trying to say that we didn't. I'm saying, I'm sorry, by moving for remand, we were essentially assenting to their position that vacator of the judgment was appropriate. Did they, was there a consent? I believe it said without objection. I can't remember if it said without objection or with consent, but the language is exactly what the defendant requested, which is vacator of the judgment. But the motion did say that the conviction on count two must be vacated. I mean, I just think if every, well, once again, you don't need me to tell you how to do your job, but you probably, if it was important to the government, particularly in the absence of any case law directly on point, that it be well understood that although what they were arguing for was that the conviction on count two must be vacated, that if we were to then vacate the judgment, that would also get rid of the dismissal of one and three. Probably better to have said so somewhere. I think that we thought that was understood because the face of the judgment contains the conviction. How could it be understood? We just had the Adams case where it clearly wasn't understood. And there's no case law saying that. I'll just use myself. I don't clearly understand it to this day. Our understanding was that a vacator of a judgment nullifies that judgment. That judgment ceases to exist. And that judgment in this case did not just convict defendant on count two. It also dismissed counts one and three. The Adams case was fully litigated. It was fully briefed. It had oral argument where these issues were teased out. In this case with remand, by moving for remand on the same relief requested by defendant, we did not have that opportunity. At the time, we thought that was a reasonable, collegial thing to do. But in retrospect, perhaps we should not have agreed to that remand so we could have flushed these arguments out more. But I don't think it changes the substance of those arguments. As to your Honor's earlier point, I want to be sure I answer about the fact that this was a litigated area of law at the time that this was agreed to. And it certainly was. No one could say it wasn't. That was understood by everyone. But I also think because it was being litigated doesn't mean that any particular conclusion is a foregone conclusion. Sure, it wasn't foregone. I guess, I mean, there are all these, maybe it's just from my knowledge, but there are all these cases where the government writes into the agreement, if you are successful on this appeal, we reserve the right to reinstate. All of which I think you think is probably unnecessary, but that's fine. People can, just as the defendant may have here, doubly protect themselves. Why didn't that happen in this case? Is there some rule of thumb about when you do that and when you don't? I'm not sure. But I will say, I wonder if the difference is, and I'm not sure the case that Your Honor is referring to, but I'm wondering if the difference is a lack of a lesser included, that perhaps that's the issue. And this is discussed in some of the case law. If the counts that you then want to reinstate require separate evidence, require other proof that has necessarily not been established by a plea to this count, that's a different animal than a plea in which the count in the plea has a lesser included. This is so . . . Again, I'm just using myself. I was unaware of this thing where when you plead guilty to one offense, if that gets reversed, you now have to plead guilty to a lesser included and the only case I could find on that says, no, that's not right, you don't have to do that. So, is there some body of case law out there that would make this well understood for the government? What the understanding . . . The Supreme Court's order is the case law about lesser included offenses. We don't have anything beyond what we've put in there. But I also think we don't just have to rely on this lesser included. We also get into this . . . You just told me that the whole thing turned on whether there was a lesser included or not. That's why I asked. I think the whole thing turns on whether or not that plea agreement stands. But I think that purpose was frustrated as well. I'm sorry. I thought you were telling me that when the government writes in . . . Apologies. Yes, Your Honor. I was sort of surprised to hear that given that there does not appear to be one case in the whole world adopting that theory. I think that . . . Yes, Your Honor. I was changing topics a little bit and I should have been clear about that. I do think probably the distinguishing factor in this conditional plea was that there was a lesser included as opposed to completely separate counts. I don't think the outcome of this case . . . Okay. Is that written down anywhere? I don't have that. I mean, I was floored when that was the rationale of the district court. I don't have that, Your Honor, beyond what we have in our . . . Did you argue that to the district court then? The original request was that this be considered a lesser included offense. That was the government's first tactic upon remand for just a clean and efficient resolution. The district court, I believe, thought that was a sufficient . . . and he was relying on Santabello. He thought that was a sufficient explanation but also because the defendant had then acted in a way that he interpreted to be a repudiation of that plea agreement. Why wasn't at that point . . . I mean, Rule 11A2 says in a conditional plea that the defendant has the right if he or she is successful to withdraw a plea. It seems like we kind of got off the rails because no one said, all right, we did a Rule 11 plea. Here's what happens when this occurs. Are you withdrawing your plea or not? It just seemed that had we kind of taken a step there, some of these issues would have been framed differently and it seems like we just kind of went off in ways that we're all trying to reconstruct now. Yes, Your Honor. I wish that that had been asked. I think that is the relief that is afforded under 11A2 is the opportunity to withdraw your plea. It's not . . . Then we wouldn't have to be saying is moving for release, which is a valid legal position, is akin to withdrawing a plea or is it saying, no, I'm just trying to comply with the agreement. We're . . . Anyway, that's the frustrating part to me is that we don't have a clear articulation anyway. You've won an appeal. 11A2 has a procedure. What are you doing? Yes, Your Honor. I do think it's important that that is the relief under conditional plea. The relief is not immediate dismissal and walk out of jail. The relief is you can withdraw your plea. That was also part of the understanding in a conditional plea. I see that I'm out of time. The defendant keeps saying that he doesn't want to withdraw the plea. Asking this question would have been very helpful. He keeps saying, no, I want to enforce the plea. He does to the parts that benefit him but not the others, which the government . . . Yes, Your Honor. We have to go off the record that we have. I wish that had been asked. I do think that's an understanding under 11A2 that your remedy is the opportunity to withdraw the plea. It's not immediately a get out of jail free card, so to speak. That is the understanding in a conditional plea. That's an underlying tenant of agreeing to that term. Can I ask a question about the Section 3296 argument? It's kind of the same question I was asking your colleague because I just found this mystifying. It's presented by the government as sort of an alternative argument. I just want to make sure I understand. Is it the government's . . . Is it your position that if otherwise this plea, for whatever reason . . . like for whatever reason, this plea agreement otherwise would bar reinstatement, the government can still move for reinstatement under 3296? Or does your argument assume under 3296 that there is not, in effect, a plea agreement that bars reinstatement? I had not considered that before Your Honor asked that this morning, and so if that's something that deserves more careful explanation, I'd be happy to look into that and do supplemental briefing. Immediate instinct, unfortunately, goes both ways. One is you can't contract around the law, and 3296 is certainly the law. But also, as the government, we take seriously being held to our agreement. So I think if that agreement had been made, perhaps in error, because it may have been in contradiction to the law. I'm not sure I want to make that . . . I mean, the judge, the district court thought, and I think this is in your brief too, but certainly the district court said, look, if the defendant wanted this outcome, it should have written it into the plea agreement. So had the defendant put in the plea agreement signed by the government, if I am successful in my appeal, counts one and three will not be reinstated. You think it is sort of a question whether you might nevertheless go in under 3296 and say you should reinstate this? If we had made an agreement, we would honor our agreement. Okay. So you're . . . So and I gave you the easiest hypothetical, but if the defendant is right that this agreement does in effect say that these counts will not be reinstated, then same answer. Basically, you have to be right on the contract agreement question in order to be able to go in under 3296. I think I'm following Your Honor. Again, I would be happy to brief further if needed. But if we had made an agreement, we would honor our agreement. And I think that's important as far as contract principles Your Honor mentioned, that this is a negotiated term. Even though the government is typically the drafter, this conditional plea term is the product of negotiation. So I don't think it's strictly construed against the government in the way that some other terms of a plea would be. If there are no further questions . . . So I'm sorry. Can I just ask you? So it's your position that the question of a lesser included offense was . . . Well, it's not talked about in the plea agreement, right? But it was known to everybody that that was a lesser included offense. That is my question. And that by definition, that had to, if you . . . even if you lost on 2 and 3, in other words, if the law changed, because it was a lesser included offense on 2, you can revive 1. Is that the position? So the reviving 1 came about separately from the lesser included. The reviving 1 came about once that plea agreement had been invalidated. I understand that. So as to the extent that 1 is a plea to failure to register . . . When did the plea agreement get invalidated? In the court's order. The district court's order. I believe it was in February after the remand. So not by . . . Okay. Not by . . . No. Not by this court's remand. The district court. The district court said that conduct post-Fourth Circuit . . . Yes. . . . was in effect a withdrawal of the plea . . . Yes. . . . or a failure to act that breached the agreement. Is that . . . I think how it . . . Yes. I read the district court. Is that right? That's my understanding as well. I don't want to cut off . . . Go ahead. No. Just so I do understand your . . . So your theory of this case as I understand it and tell me if I'm getting it wrong is there's no binding plea agreement in this case because the defendant effectively breached it or repudiated it when he wouldn't plead guilty to the lesser included offense. That is what the district court said in its order and that is what we have defended to this court. Okay. So we never get to the question of what did this plea agreement . . . There simply is no plea agreement. We don't get to the contract questions in this case. There is no valid plea agreement because the defendant breached it or repudiated it. That along with frustration of purpose are what the district court based its decision on. But those seem like very alternative grounds. They are. Well, which one is your position? I'm sorry. That was my question. What is your position today? What do you want us to write in an opinion? We argued both and I think it's appropriate to have alternative grounds and we do that in part because to give this court options as to if one is more understandable or palatable than the other. I don't think they're mutually exclusive though admittedly they are different. So, one is there is no plea agreement and the other is there's a plea agreement but it's the government has discharged under the frustration of purpose doctrine. Yes. Okay. And there are only . . . the first one is only because the district court made that ruling that the defendant had repudiated the plea agreement. Yeah. That was the follow-up I had. Yes. It's not that they're wanting a plea agreement after the Fourth Circuit ruling. Correct. It was that in the post remand activities repudiated the plea agreement. That's correct. We would ask that this court affirm. Thank you. Your Honors, I'd like to note a couple of things. First, Judge Quattlebaum, as to your question about Rule 11 and that the remedy is to withdraw the plea, that's one remedy? That's sort of giving the defendant an extra remedy? Because normally you're not allowed to withdraw a plea but they said in conditional plea agreements, if you choose, when you come back, you can withdraw the plea. But that's not the only remedy. Specific performance under Santabello v. New York is the remedy that we are seeking because . . . and again, I cannot stress this enough. The lesser included offense idea does not exist in the plea context. That is a jury trial rule. All of the authority that the district court relies on, all of the authority that the district court relies on springs from when a jury finds a defendant guilty of a greater offense, you can then judge the defendant guilty of a lesser included offense. There's no corollary principle in the event in a plea context and certainly not in a plea agreement context where everything has to be spelled out. This idea of this court's order sort of springing the indictment back into place when you vacate a judgment, I mean, if that is true, I just don't understand then why we have 3296 or why the government ever has to reserve its rights to reinstate counts because if everything, when you vacate the judgment, everything just springs back into life and you suddenly have everything again, I mean, I struggle with it as much as this panel does because it really is a brain teaser. One of the questions I've had is does 3296, if you read it by itself, you're almost like this is the only way you get to go back. If that's the issue, that leads to a very narrow set of outcomes. It doesn't sound like even you were saying that, though. It seems like contract trumps . . . I shouldn't say that. That the contract isn't or the statute isn't an exclusive way we handle this situation. From my reading from the case law, it seems that the government can reserve its rights to reinstate the counts and that's one way that the counts can be reinstated. I hate to take in your reply time, but both parties are using and the term reinstatement, which almost begs the question of what was the effect of the judgment. Anyway, that's another area that just . . . I'm unsure whether the counts have to be reinstated if all that was vacated was the judgment. That's just not logically matching up for me. If the judgment strikes the piece of paper and we still have the agreement, we still have the indictment, what needs to be reinstated as a matter of just logic? The indictment only exists to give notice to the defendant of what the charges are against him. You don't need the indictment really anymore once you have the plea. The defendant can plead guilty to something that's not even in the indictment. You can always plead guilty to a criminal information. Really, we don't even need the indictment once we have the plea and the plea agreement. This court certainly did not reinstate or vacate the plea or the plea agreement. I want to address my friend's argument about what in the last time in the appellate briefing that I spoke of counts two and three. That was for identification purposes only, really? Because our original motion to dismiss was to dismiss counts two and three because they were both incorrect. I wasn't trying to suggest that we were really attacking count three anymore because obviously it had already been dismissed. But for identification purposes, our motion to dismiss was the motion to dismiss counts two and three. That's how it's identified in the plea agreement. That was just the name of the motion. Your honors are right. We didn't move to remand this case. That was the government's idea to move to remand this case to the district court. I was preparing for oral argument. I didn't oppose the motion. I don't know of any grounds I could oppose the motion. It was we were seeking to vacate the judgment. I could not bring up the idea of immediate release as a relief from this discussion yet about whether or not the government was going to be able to use its power under 3296 to reinstate the counts. The district court had not passed on any of those issues. So I couldn't ask this court for that kind of relief because I think if I had tried to do that, this court would have told me that Ms. Leiston, that issue was premature. We're not getting to that. Let's send it back to the district court. Let's see what the district court makes of it. So that's why I did not bring that up in the last appeal. Again, I would just emphasize that the lesser included offense, that is not spelled out in the plea agreement. And if that had been spelled out, and Judge Harris, to your point, it does seem when you read the plea agreement, that seems counterintuitive. They're dismissing count one, agreeing to dismiss count one. If you wanted count one, you could have had count one. Oh, and as a factual matter, I just needed to say this. As it stands now, Mr. Pettis is not convicted of a lesser included offense on count two. He's now convicted on count one. So if the theory is you can convict him of the lesser included offense under count two, that's not what he's convicted of now. And count one is not a lesser included offense of count two. The argument is, and if you prevail on whether the lesser included offense remains, I think you've got a real strong appeal. I think that has to be there, and then your client's conduct repudiates that, which allows all counts then to be preceded. And I think to me, the key point is there. We also have the alternative issues of the statute and the frustration of purpose. But on the contract principles, I think that's our, to me at least, key point. And our position is simply, Your Honors, that nothing in that plea agreement requires us to plead guilty, again, to a lesser included offense. He did not plead guilty to that. We have not repudiated the plea agreement in any form. And we would ask this court to enforce the plea agreement and hold the government to its bargain. Again, it's not the court's job to rescue the government from a blunder. And we would ask this court to vacate the judgment and order Mr. Pettis' immediate release. Thank you, Your Honors. Thank you both for your arguments. You really, it was a really textbook example of excellent arguments. And we really appreciate it, because I think this is, I can't speak for my colleague. So we will, and we also can't come down and shake your hands. You probably both have argued here before, so you know that's our usual practice. But in these days of COVID, we don't do that. But maybe the next time you're here, we'll be able to do that. Thank you again for your arguments. Thank you so much. I ask the clerk to adjourn court.
judges: Diana Gribbon Motz, Pamela A. Harris, A. Marvin Quattlebaum Jr.